**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 1, 2013

Lyle W. Cayce
Clerk

No. 12-50447
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JULIO CESAR JURADO-RINCON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2195-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Jurado-Rincon appeals his guilty-plea convictions: for conspiracy to possess, with intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846; and for possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A)(viii). He received, *inter alia*, 168 months' imprisonment. He asserts the factual basis for his guilty plea did not establish: his intent to join

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a narcotics conspiracy; or his knowledge that the conspiracy involved a minimum of 50 grams of methamphetamine.

Because Jurado did not challenge the sufficiency of the factual basis in district court, review is for plain error only. *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).  For reversible plain error, Jurado must show a forfeited error that is clear or obvious and affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Jurado has not shown the district court plainly erred in finding a sufficient factual basis to support his guilty plea and the sentence imposed.  The record as a whole shows he knowingly and voluntarily participated in an agreement to violate the drug laws. *See Trejo*, 610 F.3d at 317.  As for the drug quantity, the factual basis was sufficient to establish Jurado knew the offense involved more than 50 grams of methamphetamine.

Jurado has not shown any error in the district court's assessment of the sufficiency of the evidence to support his plea. *See Puckett*, 556 U.S. at 135. Moreover, he fails to contend he would not have pleaded guilty but for the deficiencies of the factual basis, as required by *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

AFFIRMED.